**UNITED RUBBER, CORK, LINOLEUM & PLASTIC WORKERS OF AMERICA, AFL–CIO, CLC, et al.**

v.

**PIRELLI ARMSTRONG TIRE CORPORATION, et al.**

No. 3:94–0573.

United States District Court, M.D. Tennessee, Nashville Division.

Dec. 20, 1994.

**1104**

George Edward Barrett, Phillip A. Purcell, Barrett, Johnston & Parsley, Nashville, TN, Charles R. Armstrong, Carolyn T. Wonders, General Counsel, URW, Akron, OH, for United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO, CLC, Local 670 United Rubber, Cork, Linoleum & Plastic Workers of America, Local 703 United Rubber, Cork, Linoleum & Plastic Workers of America, Local 164 United Rubber, Cork, Linoleum & Plastic Workers of America, Frank Grant, Jr., Robert Parsley, Jr., Edgar B. Gooch, Thomas Hooker, D.L. Williams, Eugene Nystrom, O.E. Burch, Donald Jewell, Julius Ruskin, Robert L. Fly, Linous J. Wilkinson.

George Edward Barrett, Phillip A. Purcell, Barrett, Johnston & Parsley, Nashville, TN, Charles R. Armstrong, Akron, OH, for Keith W. Gardner.

George Edward Barrett, Phillip A. Purcell, Barrett, Johnston & Parsley, Nashville, TN, for Clara M. Lamberth, Doris M. Thompson.

Charles Hampton White, Cornelius & Collins, Nashville, TN, Bettina B. Plevan, Edward A. Brill, Proskaver, Rose, Goetz & Mendelsohn, New York City, for Pirelli Armstrong Tire Corp.

Bettina B. Plevan, Edward A. Brill, Proskaver, Rose, Goetz & Mendelsohn, New York City, for Plan Adm'r, Pension & Benefit Plans Committee, John Doe Corp.

### *MEMORANDUM*

JOHN T. NIXON, Chief Judge.

Pending before the Court is Plaintiffs' Motion for Injunctive Relief and Sanctions (Doc. No. 69) filed on December 5, 1994, to which Defendants filed an Opposition (Doc. No. 75) on December 15, 1994. The Court heard Oral Argument on this matter on December 19, 1994.

### I. BACKGROUND

On July 8, 1994, Defendants, Pirelli–Armstrong Tire Corporation ("PATC"), commenced an action in the United States District Court for the Southern District of Iowa. On July 18, 1993, Plaintiffs United Rubber Workers ("URW"), commenced an action here in the Middle District of Tennessee. Both actions involved the same issue—retiree benefits.

On August 4, 1994, PATC filed a motion in the Iowa action, requesting the Iowa District Court to enjoin the URW from prosecuting the action in the Middle District of Tennessee. In response, the URW filed a motion to dismiss the Iowa action. The Iowa District Court dismissed PATC's action.[1] The parties were therefore free to pursue the action in this Court.

On September 16, 1994, PATC filed a notice of appeal from the Iowa district court's order. On September 19, 1994, PATC filed a motion in the Eighth Circuit for an expedited appeal. On September 21, 1994, the Eighth Circuit denied PATC's request for an expedited appeal and set the matter down for a briefing schedule.

During the pendency of PATC's appeal, this Court held an expedited trial on November 4, 7, and 10, 1994, at the request of the parties. On December 12, 1994, this Court entered its Findings of Fact and Conclusions of Law concerning this action.

### II. DISCUSSION

Plaintiffs URW request this Court to enjoin PATC from proceeding with its appeal pending in the United States Court of Appeals for the Eighth Circuit. Plaintiffs note that the Iowa action concerns substantially identical parties and addresses the same legal issues as the recently decided Tennessee

1. The Iowa District Court noted that "all parties agree it would be a waste of judicial resources for both Tennessee and Iowa actions to proceed simultaneously. The best interests of comity and declaratory economy are served by dismissing PATC's complaint for declaratory judgment and allowing the Tennessee lawsuit to proceed."

 

action. Thus, Plaintiffs contend that the appeal will waste the resources of both courts and parties and will create the risk of conflicting adjudications.

While the Court understands Plaintiffs' predicament, the Court concludes that it must deny Plaintiffs' request to enjoin PATC from pursuing its appeal in the Eighth Circuit and Plaintiffs' request for sanctions. First, although Plaintiffs contend that PATC will not be harmed if this Court grants Plaintiffs' motion, the Court disagrees. PATC has a statutory right to seek review of the Iowa District Court's decision. *See* 28 U.S.C. § 1291. The Court finds that if it grants Plaintiffs' motion, it substantially harms PATC by taking away its statutory right to appeal. Second, Plaintiffs argue that they will be significantly harmed if the Court denies their motion because of the unnecessary expense of litigating the appeal in the Eighth Circuit. While the Court recognizes that Plaintiffs will incur legal expenses as a result of the appeal, the Court finds that if the Eighth Circuit determines PATC's appeal is frivolous, it has the authority to award sanctions to Plaintiffs to cover any unnecessary incurred expenses.

Finally, despite its inherent equitable power, the Court is concerned that it lacks the authority to enjoin a party from appealing a district court decision to the United States court of appeals. Plaintiffs admit that they have found no case in which a federal district court has enjoined a party's appeal to a United States court of appeals. Moreover, the Court has conducted its own research and determined that to its knowledge, no federal district court has ever done what Plaintiffs request this Court to do. In fact, the Court notes that it has been recognized that one of the most important limitations on the equitable power of the federal courts comes into operation when one party seeks to enjoin another from proceeding in another action. *See* 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2942, at 372 (1973). Even if the order would be directed toward the parties, in effect, it acts to restrain the other court and thus represents an interference with the jurisdiction of another tribunal. *Id.*

## III. CONCLUSION

For the reasons stated above, the Court denies Plaintiffs' motion for injunctive relief and for sanctions.

An Order consistent with the findings herein is filed contemporaneously.